**Paula HAUGEN, Plaintiff–Appellee,**

v.

**NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES; County of Nassau, Defendants–Appellants.**

**Docket No. 98–7883.**

United States Court of Appeals, Second Circuit.

Argued March 19, 1999.

Decided March 22, 1999.

---

Gerald R. Podlesak, Deputy County Attorney, Nassau County, N.Y. (Owen B. Walsh, County Attorney, on the brief), for Defendants–Appellants.

Cary Scott Goldinger, Garden City, NY, for Plaintiff–Appellee.

Before: CABRANES and STRAUB, Circuit Judges, and TSOUCALAS, Judge.*

PER CURIAM.

The Nassau County Department of Social Services (the "Department") and the County of Nassau (the "County") appeal from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*), entered following a jury verdict in favor of plaintiff-appellee Paula Haugen. The jury determined that the appellants had violated Haugen's rights under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.,* and its state-law analogue, *see* N.Y. Exec. Law §§ 290 *et seq.* As a result, Haugen was awarded a total of $49,502.00, plus post-judgment interest.

## I.

As a threshold matter, we must consider whether we have jurisdiction over this appeal. Following entry of judgment, the plaintiff made a motion for attorney's fees. Despite the pendency of that motion, the judgment on the underlying merits was final for purposes of appellate review. *See Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 202–03, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988). However, rather than simply filing a notice of appeal with the district court, appellants submitted a letter to Judge Seybert—received on the last day on which a notice of appeal would be timely—requesting an extension of the time in which to file a notice of

* Of the United States Court of International Trade, sitting by designation.

appeal. Appellants stated that "Nassau County Department of Social Services *will appeal* the judgment in the above referenced matter to the Second Circuit." (emphasis added). However, appellants explained that an appeal might eventually be taken from any award of attorney's fees, and argued that it would be sensible for the district court to "exercise its sound d[i]scretion ... to extend the Department's time to appeal until after a decision on attorney's fees is made." The court subsequently denied defendants' motion for an extension of time, principally on the ground that they had not articulated a sufficient reason for the desired delay in filing a notice of appeal.

 Without reaching the question of whether the district court properly refused to extend the time to file a notice of appeal, we conclude that defendants' letter motion satisfies the requirements under Fed. R.App. P. 3 for an effective notice of appeal. As a general matter, a notice of appeal (1) "must specify the party or parties taking the appeal," (2) "must designate the judgment, order, or part thereof appealed from," and (3) "must name the court to which the appeal is taken." Fed. R.App. P. 3(c). In addition, the notice of appeal "must specifically indicate the litigant's intent to seek appellate review ... [in order to] ensure that the filing provides sufficient notice to other parties and the courts." *See Smith v. Barry*, 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992). However, "[a]n appeal will not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." Fed R.App. P. 3(c). Indeed, the court may honor any document that serves as the "functional equivalent" of a notice of appeal. *See Smith*, 502 U.S. at 248, 112 S.Ct. 678.

 We hold that the letter satisfies these requirements. The letter states a definite intention to appeal the judgment of the district court,[1] and to bring that appeal to this Court. Although the letter was nominally written on behalf of the Department alone, we are aware of nothing in the record to indicate that the Department's interests in this litigation were any different from those of the County, or that the defendants had ever been separately represented. We also note in this context that the letterhead on which the document is written is captioned "County of Nassau, Office of the County Attorney," and is emblazoned with the County seal.

**II.**

We turn now to the merits of the defendants' appeal. Defendants assert that the district court erred in denying their motion for judgment as a matter of law, pursuant to Fed.R.Civ.P. 50. Defendants contend that the evidence at trial did not support the jury's verdict for plaintiff on her claims of age discrimination. Having carefully reviewed the evidence contained in the record, as well as the parties' briefs, we conclude that the evidence was sufficient to allow reasonable jurors to find in plaintiff's favor.

**III.**

For the foregoing reasons, we affirm the judgment of the district court.

---

1. Obviously, the notice of appeal sufficed to bring within our appellate jurisdiction only the then-existing final judgment on the merits. Defendants do not—and could not—argue on this appeal any matters relating to the propriety or calculation of attorney's fees.