Norman E. BENNETT, Jr.,
Plaintiff–Appellant,

v.

WATSON WYATT & COMPANY,
Defendant–Appellee.

Docket No. 01–7772.

United States Court of Appeals,
Second Circuit.

Nov. 21, 2002.

Joan Franklin Mosley, New York, NY, for Appellant.

Amber L. Kagan, Morgan, Lewis & Bockius LLP (Brian D. Buckstein, Morgan, Lewis & Bockius LLP, on the brief), New York, NY, for Appellee.

Present KEARSE, McLAUGHLIN, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge* ), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Norman Bennett appeals the judgment of the district court (Scheindlin, J.), granting defendant-appellee Watson Wyatt & Co summary judgment on all claims. Specifically, appellant argues that summary judgment was inappropriate with respect to his Title VII race discrimination claim, his retaliation claim, and his constructive discharge claim. Appellant also appeals the district court's suggestion that an award of attorney fees to the defendant was appropriate.

Appellant makes several arguments why the district court erred in determining he did not provide sufficient evidence that, if credited by a factfinder, would establish a prima facie case for each of his claims. Finding none of these arguments persuasive, we affirm the judgment of the district court for substantially the same reasons given in its thorough opinions. *Bennett v. Watson Wyatt & Co.*, 136 F.Supp.2d 236 (S.D.N.Y.2001) (granting summary judgment motion); *Bennett v. Watson Wyatt & Co.*, 156 F.Supp.2d 270 (S.D.N.Y.2001) (denying motion for reconsideration).

One point requires some discussion. Appellant claims that he was denied promotions. Appellant points to no evidence in support of this claim. Nor did he raise this issue before the district court. We

therefore find that appellant waived the issue. See *Suez Equity Investors, L.P. v. Toronto–Dominion Bank,* 250 F.3d 87, 104 (2d Cir.2001).

Appellant also asserts that the district court's suggestion that attorney fees should be awarded to the defendant was error. As no final ruling on this issue has been made, we are without jurisdiction to hear this portion of the appeal. *Haugen v. Nassau County Dep't of Soc. Servs.,* 171 F.3d 136, 138 n. 1 (2d Cir.1999).

For the reasons set forth above, the district court's grant of summary judgment is AFFIRMED. With respect to the propriety of an award of attorney fees, the appeal is DISMISSED for lack of jurisdiction.