**Milton SILVERMAN, Plaintiff–Appellant,**

v.

**CITY OF NEW YORK, Richard T. Roberts, individually and as Commissioner of the New York City Department of Housing, Preservation and Development, Brian Foley, individually and as Inspector General of the New York City Department of Housing, Preservation and Development, Neil Kaplan, individually and as Director of the Disciplinary Unit of the New York City Department of Housing, Preservation and Development, Mario Ferrigno, individually and as Assistant Director of the Disciplinary Unit of the New York City Department of Housing, Preservation and Development, Deena R. Ghaly, individually and as General Counsel of the New York City Department of Housing, Preservation and Development, Paul Navarro, individually as an Employee of the New York City Department of Housing, Preservation and Development, Andrew Lawrence, individually and as an Employee of the New York City Department of Housing, Preservation and Development and Abdul Khaaliq, individually and as an Employee of the New York City Department of Housing, Preservation and Development, Defendants–Appellees,**

**Phoebe ARNOLD, Defendant.**

No. 02–9048.

United States Court of Appeals, Second Circuit.

April 23, 2003.

**800**

Richard J. Cardinale, Cardinale Hueston & Marinelli, Brooklyn, NY, for Plaintiff–Appellant.

John Hogrogian, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel of the City of New York, on the brief; Pamela Seider Dolgow and Paul Marks, Assistant Corporation Counsels), New York, NY, for Defendants–Appellees, of counsel.

PRESENT: JACOBS, STRAUB, Circuit Judges, and Hon. GREGORY W. CARMAN, Chief Judge.*

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 23rd day of April, two thousand three.

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby **AFFIRMED.**

Plaintiff–Appellant Milton Silverman appeals from an August 21, 2002 judgment of the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*) granting summary judgment in favor of the defendants. We affirm for substantially the reasons given by the District Court. *See Silverman v. City of N.Y.*, 216 F.Supp.2d 108 (E.D.N.Y.2002).

■ Silverman's employment discrimination claims fail because, at bottom,

---

* The Honorable Gregory W. Carman, Chief Judge of the United States Court of International Trade, sitting by designation.

whereas the defendants have articulated a legitimate, nondiscriminatory reason for the adverse employment actions taken against Silverman, Silverman has not set forth sufficient evidence upon which a jury could find, by a preponderance of the evidence, that the defendants' articulated reason is pretext for discrimination. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Although Silverman does point to differences in how Defendant Lawrence was disciplined and to several derogatory remarks allegedly made by Defendants Kaplan, Navarro and Lawrence, we agree with the District Court's conclusion that "in the face of 'abundant and uncontroverted independent evidence that no discrimination had occurred,'" these limited items do "nothing more than create a 'weak issue of fact as to whether the employer's reason was untrue.'" 216 F.Supp.2d at 119 (quoting *Reeves*, 530 U.S. at 148); *see also St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 519, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) ("It is not enough … to *dis* believe the employer; the factfinder must *believe* the plaintiff's explanation of intentional discrimination." (emphasis in original)).

■ As for Silverman's remaining claims, the equal protection claim was properly dismissed because there was a rational basis for disciplining Silverman differently from Lawrence. Silverman's alleged sexual advance was targeted at a young intern working in the same office, while Lawrence's alleged misconduct occurred out of the office with an adult. The Department of Housing, Preservation and Development could have rationally determined that Silverman, unlike Lawrence, posed a present threat best handled immediately by suspension rather than mere counseling. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073,

145 L.Ed.2d 1060 (2000) (per curiam). The § 1983 conspiracy claim fails because Silverman's allegations are unspecific, conclusory and unsupported. *See Dwares v. City of N.Y.*, 985 F.2d 94, 100 (2d Cir.1993) ("complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed"); *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir.1977) ("Diffuse and expansive allegations [of conspiracy to deprive a person of constitutional rights] are insufficient, unless amplified by specific instances of misconduct.").

Accordingly, the judgment of the District Court is hereby **AFFIRMED**.