**Wilfredo PEREZ, Plaintiff–Appellant,**

v.

**COMMUNICATIONS WORKERS OF AMERICA, Defendant–Appellee,**

**NYNEX/Bell Atlantic/Verizon, Defendant–Appellee–Cross–Appellant.**

**Nos. 05–5916–cv, 05–6143–cv.**

United States Court of Appeals, Second Circuit.

Nov. 8, 2006.

28

Wilfredo Perez, pro se, for Appellant.

Christina Norum, Semel Young & Norum, New York, New York, for Appellee Communications Workers of America Local 1109.

Michael A. Kalish, Epstein Becker & Green, P.C., New York, New York, for Appellee–Cross–Appellant NYNEX/Bell Atlantic/Verizon.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. AMALYA L. KEARSE, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Wilfredo Perez, appearing *pro se*, appeals from the judgment of the United States District Court for the Eastern District of New York (Trager, *J.*) entered on September 7, 2005 granting the Defendants summary judgment on Perez's claims under Title VII. Defendant–Appellee–Cross–Appellant NYNEX / Bell Atlantic / Verizon ("Verizon") appeals from the October 12, 2005 order deeming Perez's "Notice of Motion for Extension of Time" to be a timely notice of appeal to this Court.

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

(1) Verizon contends the district court abused its discretion when it deemed Perez's "Notice of Motion for Extension of Time" to be a proper notice of appeal under Fed. R.App. P. 3(c) after granting

Perez an extension of time to file a notice of appeal under Fed. R.App. P. 4(a)(5).

 Where the United States is not a party, a notice of appeal in a civil case must be filed within 30 days of the entry of judgment. Fed. R.App. P. 4(a)(1)(A). In the present case, no extension of time was needed for the filing of a notice of appeal. The motion that the district judge treated as Perez's notice of appeal was, according to the district court's order, filed on October 7, 2005. Both Verizon in its memorandum opposing Perez's motion, and the district judge in stating that that motion would be untimely as a notice of appeal, erred in stating that the judgment had been entered on September 6. Instead, the district court file stamp on the judgment shows that the document was received on September 7, and the district court docket states that the judgment was entered on September 7. The time to appeal began on the date of entry of the judgment, not from the entry of the district court's September 6 Memorandum and Order deciding defendants' motions to dismiss. *See, e.g.,* Fed.R.Civ.P. 58 (judgment must be entered on a separate document); *RR Village Ass'n v. Denver Sewer Corp.*, 826 F.2d 1197, 1201 (2d Cir.1987) (time to appeal begins with entry of judgment in a separate judgment, not with entry of opinion dismissing the complaint). Thus, the document that the district court received on October 7 and treated as Perez's notice of appeal was filed on the 30th day after the entry of judgment, *i.e.,* within the time limit provided by Fed. R.App. P. 4(a)(1)(A).

 While Perez's motion for an extension of time did not explicitly state his intent to appeal and instead focused upon the possibility of a motion to reconsider, we see no abuse of discretion in the district court's decision to deem it a notice of appeal. Under Fed. R.App. P. 3(c), a notice of appeal must specify the party taking the appeal, designate the judgment appealed, and name the court to which appeal is taken.

Courts will liberally construe the requirements of Rule 3.... Thus, when papers are "technically at variance with the letter of [Rule 3], a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires."

*Smith v. Barry,* 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992) (quoting *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 316–17, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), and citing *Torres,* 487 U.S. at 316, 108 S.Ct. 2405, and *Foman v. Davis,* 371 U.S. 178, 181–82, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). And the Supreme Court has stated:

While a notice of appeal must specifically indicate the litigant's intent to seek appellate review, ... the purpose of this requirement is to ensure that the filing provides sufficient notice to other parties and the courts.... Thus, the notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal. If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal.

*Smith,* 502 U.S. at 248–49, 112 S.Ct. 678. Thus, this Court has treated as notices of appeal documents that were not denominated as such and that did not meet all of Rule 3's technical requirements where those documents afforded notice sufficiently that the appellees were not prejudiced. *See, e.g., Grune v. Coughlin,* 913 F.2d 41, 43 (2d Cir.1990) (letter asking for district court's assistance in determining correct manner of initiating appellate review constituted notice of appeal notwithstanding

its failure to mention the Court of Appeals); *see also Haugen v. Nassau County Dep't of Soc. Servs.*, 171 F.3d 136, 137–38 (2d Cir.1999) (per curiam) (deeming a letter requesting an extension of time to appeal to be itself a notice of appeal); *Bradley v. Coughlin*, 671 F.2d 686, 689 (2d Cir.1982) (informal motion for reconsideration which requested in the alternative the district court's leave to file an appeal *in forma pauperis* constituted a valid notice of appeal). Here, Perez's motion clearly indicated that he was the party seeking review; and although his motion did not expressly designate the decision he wished to have revisited, Verizon clearly was not misled, as its memorandum in opposition to the motion noted that Perez sought reconsideration of the "judgment in favor of defendants." Thus, Perez's motion plainly gave defendants notice that he wished further consideration of the judgment dismissing his complaint. Since his motion was filed, as discussed above, within the time specified by Fed. R.App. P. 4, and we can see no resulting prejudice to the defendants, we conclude that it was within the discretion of the district court to treat Perez's *pro se* motion as a notice of appeal.

(2) Perez brought Title VII claims against Verizon for discriminatory discharge, hostile work environment, religious discrimination, and retaliation for protected activity; his claim against the Communications Workers of America ("the Union") was for breach of the duty of fair representation. This Court reviews the grant of summary judgment de *novo*, construing the evidence in the light most favorable to Perez as the non-movant. *Dawson v. Bumble & Bumble*, 398 F.3d 211, 216 (2d Cir.2005). Summary judgment is appropriate where, as here, there is no issue of material fact and the movant is entitled to judgment as a matter of law.

*Ferraro v. Kellwood Co.*, 440 F.3d 96, 99 (2d Cir.2006).

We agree with the district court that many of Perez's allegations were untimely. In New York, where state and local agencies have the authority to investigate claims of discrimination, claims under Title VII must be presented to the state or local agency within 300 days of the challenged activity. *Forsyth v. Fed'n Employment and Guidance Serv.*, 409 F.3d 565, 572 (2d Cir.2005) (citing 42 U.S.C. § 2000e–5(e)(1)). Because Perez filed his claims with the New York City Commission on Human Rights ("NYCCHR") on March 26, 1998, the district court was correct that all claims arising before May 28, 1997 were barred. Perez has offered insufficient evidence to support his claim that events occurring before this date were part of a continuing pattern of harassment and therefore can survive the time bar.

The district court dismissed certain claims based upon Perez's failure to exhaust administrative remedies, citing to NYCCHR's election to close Perez's case as a matter of administrative convenience because Perez engaged in conduct the NYCCHR found "disruptive to the orderly functioning" of the agency under N.Y.C. Administrative Code § 8–113(a)(3). In order to exhaust administrative remedies, a claimant under the employment discrimination laws "must cooperate in the administrative investigation of the complaint by making specific charges, and by providing information necessary to the investigation." *Wrenn v. Sec'y, Dep't of Veterans Affairs*, 918 F.2d 1073, 1078 (2d Cir.1990) (internal citations omitted). There is no indication that Perez failed to provide the agency with sufficient information to investigate his case. Misbehavior that results in dismissal may or may not constitute a failure to exhaust, but we decline to decide that question, because we adopt the dis-

trict court's alternative holding that these particular claims failed on the merits irrespective of the exhaustion issue.

In order to present a prima facie case for discriminatory discharge, Perez had to show that he was a member of a protected class, that he was performing his duties satisfactorily, that he was discharged, and that the circumstances of his discharge give rise to an inference of discrimination on the basis of his membership in the protected class. *McLee v. Chrysler Corp.*, 109 F.3d 130, 134 (2d Cir.1997). The district court correctly granted summary judgment dismissing the discriminatory-discharge claims because the record reflects that Perez's excessive absenteeism rose to the level of unsatisfactory job performance, and Perez cited no facts giving rise to any inference that his membership in a protected class influenced his firing.

▮ As to the claims of a hostile work environment, Perez had to show that the workplace at Verizon was "permeated with discriminatory intimidation" and insult that was "sufficiently severe or pervasive to alter the conditions" of Perez's employment. *Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir.2006) (quoting *Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)). We agree with the district court that many of the instances of verbal abuse about which Perez complains appear to have been unrelated to his ethnic, national, or religious background, and reflected his supervisors' dissatisfaction with his work performance. A few of his allegations reflect ethnic or religious animus or insensitivity on the part of various coworkers, but these isolated examples are insufficiently severe or pervasive to constitute a material change in Perez's employment with Verizon.

▮ Perez also failed to show that he was subjected to retaliation for protected activity. A prima facie case for retaliation requires, *inter alia,* a showing sufficient to support an inference that an adverse employment action is causally linked to protected activity. *Kessler v. Westchester County Dep't of Soc. Servs.*, 461 F.3d 199, 205–06 (2d Cir.2006). While he was able to show that he had engaged in protected activity by filing a complaint with the NYCCHR in 1991, and that Verizon subsequently suspended him for insubordination six years later, the district court was correct that he had failed to present any evidence of cause-and-effect.

In order to present a prima facie case of religious discrimination, Perez needed to show that (1) he held a bona fide religious belief conflicting with an employment requirement, (2) he informed Verizon of this belief, and (3) he was disciplined for failure to comply with the conflicting employment requirement. *Baker v. The Home Depot,* 445 F.3d 541, 546 (2d Cir.2006). As the district court correctly held, to the extent the record shows that Perez has bona fide religious beliefs, he failed to adduce evidence that he was ever actually required to work on Saturday and was disciplined for declining to do so.

▮ The Union was properly granted summary judgment on the breach of duty of fair representation claim. Perez had to show both that the Union's conduct was "arbitrary, discriminatory or in bad faith" and that this conduct "seriously undermined the arbitral process." *Mack v. Otis Elevator Co.*, 326 F.3d 116, 129 (2d Cir. 2003) (internal quotation marks and alteration omitted). As the district court's reasoning reflects, the Union discharged its duties to Perez under its collective bargaining agreement by grieving many of Perez's suspensions, several of the warnings he received, and his termination. Perez adduced no evidence of discrimination or bad faith.

We have considered all of Perez's remaining arguments and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**