■ Linda Murphy, Appellant, v Department of Education of the City of New York et al., Respondents. [64 NYS3d 237]—

In an action to recover damages for discrimination in employment on the basis of age in violation of the Age Discrimination in Employment Act of 1967 (29 USC § 621 *et seq.*), the plaintiff appeals from an order of the Supreme Court, Kings County

(Genovesi, J.), dated April 16, 2015, which granted the defendants' motion to dismiss the amended complaint pursuant to CPLR 3211 (a).

Ordered that the order is affirmed, with costs.

The plaintiff was a teacher at a junior high school in Brooklyn. She commenced this action to recover damages for discrimination in employment on the basis of age in violation of the Age Discrimination in Employment Act of 1967 (29 USC § 621 *et seq.*).

The amended complaint alleged that the plaintiff had been subjected to repeated instances of discrimination by the principal and the assistant principal. The amended complaint alleged that these instances of discrimination created a hostile work environment and ultimately led to the constructive discharge of the plaintiff.

The defendants moved to dismiss the amended complaint pursuant to CPLR 3211 (a). The Supreme Court granted the defendants' motion, and the plaintiff appeals. We affirm.

"On a motion pursuant to CPLR 3211 (a) (7) to dismiss for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Phillips v Taco Bell Corp.*, 152 AD3d 806, 807 [2017]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]).

The Age Discrimination in Employment Act of 1967 (hereinafter the ADEA) provides, in relevant part: "It shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age" (29 USC § 623 [a] [1]; *see Lichtman v Martin's News Shops Mgt., Inc.*, 81 AD3d 696, 697 [2011]). "To establish a prima facie case of age discrimination under the ADEA, a claimant must demonstrate that: 1) [she] was within the protected age group; 2) [she] was qualified for the position; 3) [she] was subject to an adverse employment action; and 4) the adverse action occurred under 'circumstances giving rise to an inference of discrimination' " (*Terry v Ashcroft*, 336 F3d 128, 137-138 [2d Cir 2003], quoting *Roge v NYP Holdings, Inc.*, 257 F3d 164, 168 [2d Cir 2001]).

Here, the amended complaint alleged that the plaintiff was subject to two types of adverse employment actions: (1) she was constructively discharged due to a hostile work environ-

ment, and (2) she was given "unsatisfactory" ratings with respect to certain annual performance evaluations. In the order appealed from, the Supreme Court concluded that the amended complaint failed to adequately allege that the plaintiff was subject to an adverse employment action.

Initially, we reject the plaintiff's contention that the alleged "unsatisfactory" annual performance evaluations satisfied the requirement that the plaintiff was subject to an adverse employment action. Contrary to the plaintiff's contention, these negative evaluations may not serve as independent adverse employment actions because those discrete acts occurred more than 300 days before the plaintiff filed a complaint with the Equal Employment Opportunity Commission (see *National Railroad Passenger Corporation v Morgan*, 536 US 101, 110 [2002]). Although we have considered these annual performance evaluations in connection with the plaintiff's contention that she was constructively discharged due to a hostile work environment (see *id.* at 115-117), under the circumstances here they may not independently satisfy the requirement that she "was subject to an adverse employment action" (*Terry v Ashcroft*, 336 F3d at 138; see *National Railroad Passenger Corporation v Morgan*, 536 US at 113).

In order to establish a cause of action alleging hostile work environment under the ADEA, a plaintiff must show that "the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment" (*Terry v Ashcroft*, 336 F3d at 147-148 [internal quotation marks omitted]; see *Perry v Ethan Allen, Inc.*, 115 F3d 143, 149 [2d Cir 1997]). The United States Supreme Court has "made it clear that conduct must be extreme to amount to a change in the terms and conditions of employment" (*Faragher v Boca Raton*, 524 US 775, 788 [1998]). "This test has objective and subjective elements: the misconduct shown must be 'severe or pervasive enough to create an objectively hostile or abusive work environment,' and the victim must also subjectively perceive that environment to be abusive" (*Alfano v Costello*, 294 F3d 365, 374 [2d Cir 2002], quoting *Harris v Forklift Systems, Inc.*, 510 US 17, 21 [1993]).

As a general rule, incidents must be more than "episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive" (*Perry v Ethan Allen, Inc.*, 115 F3d at 149 [internal quotation marks omitted]; see *Alfano v Costello*, 294 F3d at 374). "Isolated acts, unless very serious, do not meet the threshold of severity or pervasiveness" (*Alfano v Costello*, 294 F3d at 374; see *Brennan v Metropolitan Opera Assn., Inc.*, 192 F3d 310, 318 [2d Cir 1999]).

The United States Supreme Court has stated that "whether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances" (*Harris v Forklift Systems, Inc.*, 510 US at 23; *see Faragher v Boca Raton*, 524 US at 787-788). "These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance" (*Harris v Forklift Systems, Inc.*, 510 US at 23; *see Faragher v Boca Raton*, 524 US at 787-788).

"An employee is constructively discharged when [her] employer, rather than discharging [her] directly, intentionally creates a work atmosphere so intolerable that [she] is forced to quit involuntarily" (*Terry v Ashcroft*, 336 F3d at 151-152; *see Kirsch v Fleet St., Ltd.*, 148 F3d 149, 161 [2d Cir 1998]). The United States Supreme Court has indicated that "[a] hostile-environment constructive discharge claim entails something more" than a stand-alone claim of a hostile work environment (*Pennsylvania State Police v Suders*, 542 US 129, 147 [2004]). "A plaintiff who advances such a compound claim must show working conditions so intolerable that a reasonable person would have felt compelled to resign" (*id.*; *see Chertkova v Connecticut Gen. Life Ins. Co.*, 92 F3d 81, 89 [2d Cir 1996]).

Generally, "a disagreement with management over the quality of an employee's performance will not suffice to establish a constructive discharge" (*Chertkova v Connecticut Gen. Life Ins. Co.*, 92 F3d at 89; *see Bennett v Watson Wyatt & Co.*, 136 F Supp 2d 236, 251 [SD NY 2001], *affd in part* 51 Fed Appx 55 [2d Cir 2002]). Furthermore, "courts . . . generally have refused to find a constructive discharge where an employee had an avenue through which [she] could seek redress for the allegedly 'intolerable' work atmosphere leading up to [her] resignation, but failed to take advantage thereof" (*Silverman v City of New York*, 216 F Supp 2d 108, 115 [ED NY 2002], *affd* 64 Fed Appx 799 [2d Cir 2003]; *see Bailey v New York City Bd. of Educ.*, 536 F Supp 2d 259, 266 [ED NY 2007]).

Here, the general allegation in the amended complaint that the plaintiff and two other "older" teachers had been "continuously harassed" by the principal and the assistant principal are vague and conclusory (*see Matter of Kenneth Cole Prods., Inc., Shareholder Litig.*, 27 NY3d 268, 278 [2016]; *Hefter v Elderserve Health, Inc.*, 134 AD3d 673, 674 [2015]). Furthermore, the specific instances of discrimination described in the amended complaint, which allegedly occurred over a period of more than three years, were isolated and episodic. For instance,

the amended complaint alleged that the plaintiff "was required to teach a class that she was not qualified to teach," that the principal left her name off an art fair newsletter, that the assistant principal gave the plaintiff "a useless laptop to complete a survey," and that on two separate occasions the principal slammed her hand on the table and screamed at her. These occurrences were "not severe or pervasive enough to create an objectively hostile or abusive work environment" (*Harris v Forklift Systems, Inc.*, 510 US at 21; *see Alfano v Costello*, 294 F3d at 374; *Bennett v Watson Wyatt & Co.*, 136 F Supp 2d at 251).

After reviewing "all the circumstances" alleged by the plaintiff (*Harris v Forklift Systems, Inc.*, 510 US at 23), we conclude that the amended complaint failed to state a cause of action alleging constructive discharge based on a hostile work environment (*see e.g. Davis v Goodwill Indus. of Greater N.Y. & N.J.*, 2017 WL 1194686, 2017 US Dist LEXIS 48014 [SD NY, Mar. 29, 2017, 15 Civ 7710 (ER)]; *see also Pennsylvania State Police v Suders*, 542 US at 147; *Chertkova v Connecticut Gen. Life Ins. Co.*, 92 F3d at 89). Since the amended complaint failed to adequately allege that the plaintiff was subject to "an adverse employment action" (*Terry v Ashcroft*, 336 F3d at 138), it failed to state a cause of action to recover damages for age discrimination under the ADEA. Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the amended complaint. Eng, P.J., Roman, Miller and Christopher, JJ., concur.