NOT DESIGNATED FOR PUBLICATION

No. 126,553

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

Mardoqueo Ortiz-Larios,
*Appellant*,

v.

State of Kansas,
*Appellee*.

MEMORANDUM OPINION

Appeal from Ford District Court; Andrew M. Stein, judge. Submitted without oral argument. Opinion filed October 18, 2024. Reversed and remanded with directions.

*Derek W. Miller*, of Miller & French, LLC, of Liberal, for appellant.

*Ethan C. Zipf-Sigler*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before Pickering, P.J., Malone and Warner, JJ.

Pickering, J.: Mardoqueo Ortiz-Larios appeals the district court's summary denial of his K.S.A. 60-1507 motion for untimeliness. Ortiz-Larios argues that his motion was wrongly denied because he tried to pursue his right to appeal for years, starting with a December 2018 letter wherein he informed the district court of his desire to appeal his sentence and requested counsel for his appeal. The district court filed the letter but did not act on it. After a review of the record, we directed the parties to brief whether the December 2018 letter was a valid notice of appeal. From our review, we conclude that Ortiz-Larios filed a timely notice of appeal and thus may pursue a direct appeal from his

1

sentence. We reverse and remand in order for Ortiz-Larios to proceed with the direct appeal of his sentence.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Ortiz-Larios with six counts of aggravated criminal sodomy with a child under K.S.A. 2016 Supp. 21-5504(b)(1), one count of aggravated indecent liberties with a child under K.S.A. 2016 Supp. 21-5506(b)(3)(A), and one count of rape with a child under K.S.A. 2016 Supp. 21-5503(a)(3). Each count occurred on or about January 1, 2014; June 1, 2016; and July 13 or 14, 2016, when Ortiz-Larios was over the age of 18 and the victims were under the age of 14. Due to the ages of the victims and Ortiz-Larios, each count was an off-grid person felony. See K.S.A. 2016 Supp. 21-6806(d).

Ortiz-Larios has limited English proficiency but is fluent in Spanish and was assisted by a court interpreter at every stage of the proceedings. Over the course of these proceedings, Ortiz-Larios was twice found competent to stand trial. Each time, Ortiz-Larios was evaluated at Larned State Security Hospital, where it was determined that he understood the charges he faced, the potential consequences, the trial process, how to cooperate with his attorney, and how to participate in the courtroom. Once the case was set for trial, Ortiz-Larios' counsel filed several apposite pretrial motions.

In August 2018, Ortiz-Larios reached a plea agreement with the State. Ortiz-Larios pleaded no contest to one count of aggravated criminal sodomy and agreed not to move for a departure sentence. In exchange, the State dismissed the other seven counts against him. Prior to accepting the plea, the district court fully advised Ortiz-Larios of his rights and the possible consequences of his plea—including fines, imprisonment, sex offender registration, and deportation. The district court also gave Ortiz-Larios additional time to confer with his counsel before accepting his plea.

2

On December 17, 2018, the district court sentenced Ortiz-Larios to life in prison without the possibility of parole for 25 years. After pronouncing the sentence, the district court advised Ortiz-Larios of his right to appeal; Ortiz-Larios stated that he understood. In a letter dated December 19, 2018, marked "Legal Mail" four times on the envelope, and postmarked December 28, 2018, Ortiz-Larios wrote to the sentencing judge. In his letter, he stated to the judge that he would like to appeal his sentence, stating that he felt that his sentence was too long. In that same letter, he asked the court to appoint him counsel. He stated: "In the course of my case, I've noticed that Natalie Randall is a good lawyer and has plenty of experience in cases like mine. If given the opportunity, I'd like for her to review my case." Apparently, the district court did not reply to this letter, forward it to Ortiz-Larios' attorney, or appoint new counsel.

Ortiz-Larios wrote to the district court again in March 2020, asking for transcripts associated with his case so he could prepare a K.S.A. 60-1507 motion. This time the court transcriptionist replied, and the two corresponded over the next few months. Ortiz-Larios managed to acquire the transcript from a single hearing through this correspondence. He later retained counsel to continue pursuing postconviction relief.

On May 31, 2022, Ortiz-Larios filed a motion under K.S.A. 2021 Supp. 60-1507 and an accompanying motion to file out of time, raising ineffective assistance of counsel claims. The State argued that the district court should summarily deny both motions without a hearing because the K.S.A. 60-1507 motion was untimely and Ortiz-Larios failed to present manifest injustice, a finding which would allow Ortiz-Larios to proceed with his out-of-time K.S.A. 60-1507 motion. See K.S.A. 2021 Supp. 60-1507(f)(2)(A). The district court agreed. The district court summarily denied both motions without a hearing after finding the K.S.A. 60-1507 motion was untimely. In its summary denial, the district court agreed with the State that Ortiz-Larios failed to show manifest injustice.

Ortiz-Larios appeals.

3

In his brief, Ortiz-Larios argues that the district court should not have summarily denied his K.S.A. 60-1507 motion because he tried to pursue his right to appeal for years. This started with his December 19, 2018 letter, which informed the district court that he wanted to appeal his sentence and requested appointed counsel to do so. The court, however, "took no action concerning these letters and did not forward them to his court appointed attorney[.]" Ortiz-Larios explains that when "nothing was done regarding that request to appeal," he wrote another letter on March 3, 2020, requesting transcripts of his criminal case. The district court filed the letter but again did not act on it.

Outside of this reference to Ortiz-Larios' letter to support a finding of manifest injustice, neither party presents a separate argument with regard to Ortiz-Larios' timely notice of appeal. Accordingly, we issued a show cause order, ordering both parties to brief "why the Appellant's letter to the district court, postmarked December 28, 2018, should not be construed as a valid notice of appeal, thus entitling Appellant to pursue a direct appeal. See K.S.A. 22-3608(c)." Counsel for Ortiz-Larios responded by quoting Ortiz-Larios' wording in his letter to the court: "'I . . . would like to appeal my case.'" Counsel further argues that "[l]ike interpreting a statute, the Court should give effect to the plain language of the letter" and that we should consider it as Ortiz-Larios' notice of appeal.

The State responds that the December 17, 2018 letter is not a notice of appeal. The State argues that we should not construe Ortiz-Larios' letter to the district court as expressing his desire to appeal his sentence because the letter did not convey sufficient notice to the State. The State also asserts that the letter lacks any form of notice of appeal, and while the letter does include the case number, the State argues that the letter required a "case caption." The State points out that Ortiz-Larios does not indicate which court he "wishes to appeal the case to," nor is there a certificate of service or "indication the letter

4

was ever intended to be seen by the State." The State also argues that it is unclear what Ortiz-Larios is seeking to appeal.

*Appellate Courts May Consider Issues Not Raised by the Parties*

In *State v. Adams*, 283 Kan. 365, 153 P.3d 512 (2007), the Kansas Supreme Court explained that appellate courts ordinarily do not consider issues that are not raised by the parties. Still, the *Adams* court explained: "[W]e have the power to address such issues in exceptional circumstances where the consideration of the issue is necessary to serve the ends of justice or prevent the denial of fundamental rights." 283 Kan. at 367. There, because Adams had raised a statutory speedy trial issue in district court and the issue did serve the ends of justice by reversing his convictions and vacating his sentences, the *Adams* court found "the exceptional circumstances necessary for raising the statutory speedy trial issue *sua sponte*" and considered the issue. 283 Kan. at 367-68; see also *State v. Frazier*, 248 Kan. 963, 973-74, 811 P.2d 1240 (1991) (reversing juvenile defendant's adult conviction because district court lacked jurisdiction); *State v. Puckett*, 230 Kan. 596, 600-01, 640 P.2d 1198 (1982) (affirming lower court's sua sponte reversal of several fraud convictions due to defective jury instructions).

Similarly, we find that exceptional circumstances are present here, and we sua sponte raise the issue of Ortiz-Larios' notice of appeal. Resolution of this issue is in the interest of fundamental fairness and serves the ends of justice because "a criminal defendant enjoys certain procedural due process protections, not only at trial or plea but also on appeal." *State v. Patton*, 287 Kan. 200, 217, 195 P.3d 753 (2008). We also have provided the parties with an opportunity to address this issue. See *Puckett*, 230 Kan. at 601.

*We Consider Whether Ortiz-Larios' Letter Is a Valid Notice of Appeal*

*Standard of Review*

Whether a criminal defendant is entitled to pursue a direct appeal is reviewed under a de novo standard. *State v. Shelly*, 303 Kan. 1027, 1035-36, 371 P.3d 820 (2016).

*Ortiz-Larios had filed a timely appeal of his sentence.*

Under Kansas law, a party wishing to appeal must comply with the statutory requirements for perfecting an appeal. *In re I.A.*, 313 Kan. 803, 806, 491 P.3d 1241 (2021). To timely file a direct appeal, Ortiz-Larios had 14 days after the final judgment of the district court to file a notice of appeal under K.S.A. 22-3608(c). Ortiz-Larios was sentenced on December 17, 2018, so the deadline to file his notice of appeal was December 31, 2018. Important to our analysis, Ortiz-Larios points to the letter he wrote to the district court, which the court did not act on. In a letter dated December 19, 2018, marked "Legal Mail" four times on the envelope, and sent from the county jail with a December 28, 2018 postmark, Ortiz-Larios wrote to the same judge who sentenced him, stating that he would like to appeal his sentence. Our review of the events following Ortiz-Larios' sentencing indicates that he filed his notice of appeal in a timely manner.

*Ortiz-Larios' letter can be construed as a notice of appeal.*

K.S.A. 2023 Supp. 60-2103(b) provides what should be included in a notice of appeal: "the parties taking the appeal; . . . the judgment or part thereof appealed from . . . , and the appellate court to which the appeal is taken." Our Kansas courts have liberally construed pro se litigants' pleadings, particularly a notice of appeal and K.S.A. 60-2103(b), "to assure justice in every proceeding." *State v. Wilkins*, 269 Kan. 256, 270, 7

6

P.3d 252 (2000). The notice of appeal "should not be overly technical or detailed." *State v. Boyd*, 268 Kan. 600, 606, 999 P.2d 265 (2000).

As noted in its response to our show cause order, the State disagrees that Ortiz-Larios' letter can be construed as a notice of appeal. For support, the State cites to *State v. Laurel*, 299 Kan. 668, 673-74, 325 P.3d 1154 (2014), and its summary of the law regarding a notice of appeal. *Laurel*, however, reminds us that appellate courts construe notices of appeal broadly to confer jurisdiction to assure justice. 299 Kan. at 673. And *Laurel* again refers to earlier rulings that explained that "a notice of appeal need not be overly technical or detailed." In fact, *Laurel* found that a notice that stated the incorrect appellate court was not jurisdictionally deficient. 299 Kan. at 674-75. Moreover, *Laurel* explains, courts generally consider whether the State has shown surprise or has been prejudiced by a defendant's timely filed but otherwise faulty notice of appeal." 299 Kan. at 674. The State argues that the letter "did not convey sufficient notice" of Ortiz-Larios' intention that his letter to be taken as a formal notice of appeal. The State contends that without conveying sufficient notice, "the letter cannot fulfil the requirements of the statute."

To recap, Ortiz-Larios pled guilty to an off-grid crime and was sentenced to life in prison without the possibility of parole for 25 years. The December 19, 2018 letter he wrote the court read: "I am writing this letter to you in regards to my case. I feel I *was given too many years*. And would like *to appeal my case*. Is there anyone that would be able to review my case to help *lower my sentences*." (Emphases added.) He continued: "I was given *a sentence of Hard Life-25*, or if possible deportation. . . . I've also seen cases more severe than mine, *with lesser punishment*." (Emphases added.) Ortiz-Larios' intent to appeal his sentence is clear.

Our review of the letter indicates that, while it does not have the "case caption" as mentioned by the State, it lists Ortiz-Larios' case number. The district court was able to

file the letter, thereby notifying the State of Ortiz-Larios' intentions. The letter also advises the court that Ortiz-Larios—who had to have an interpreter throughout the hearings—wishes to appeal his sentence because he believes the sentence is too long. The State would have been on sufficient notice that Ortiz-Larios was seeking to appeal his sentence.

The State is correct that Ortiz-Larios' letter did not indicate to which appellate court he was appealing. But the lack of a designated court does not require dismissal. Our court is the only court with jurisdiction to hear this matter. See K.S.A. 2023 Supp. 60-2101(a) ("The court of appeals shall have jurisdiction to hear appeals from district courts. . . . Appeals from the district court to the court of appeals in criminal cases shall be subject to the provisions of K.S.A. 22-3601 . . . ."); K.S.A. 22-3601(a) ("Any appeal permitted to be taken from a district court's final judgment in a criminal case shall be taken to the court of appeals, except in those cases reviewable by law in the district court or in which a direct appeal to the supreme court is required."). By statute, Ortiz-Larios' appeal would be to us. And the State does not suggest that it was misled by Ortiz-Larios' failure to state which court he sought appellate review. See *Laurel*, 299 Kan. at 674-75; see also *State v. Wilkins,* 269 Kan. 256, 270, 7 P.3d 252 (2000) (emphasizing that defendant's timely notice of appeal containing technical errors that did not prejudice State did not deprive court of appellate jurisdiction).

The State also notes that Ortiz-Larios' letter did not include a certificate of service. As to this argument, K.S.A. 2023 Supp. 60-2103(b) provides that notice is to be served to all parties, "but such party's failure so to do does not affect the validity of the appeal." We find Ortiz-Larios' letter contained the requirements of a notice of appeal.

*Ortiz-Larios' letter was the functional equivalent of an effective notice of appeal.*

While there are no Kansas cases addressing whether a letter mailed to a district court has been construed as a notice of appeal, the Second Circuit Court of Appeals has construed a party's letter as the functional equivalent of a notice of appeal. In *Haugen v. Nassau County Dept. of Social Services*, 171 F.3d 136 (2d Cir. 1999), a county department of social services and the county sought to appeal from a judgment which found that they had violated the appellee's civil rights. Instead of filing a notice of appeal in the district court, the appellants submitted a letter to the judge who presided over the case. This letter, which the court received on the last day for the appeal to be considered timely, requested an extension of time to file the notice of appeal. The court denied their motion.

On appeal, the Second Circuit concluded that the letter requesting an extension to file a notice of appeal satisfied the federal rules for an effective notice of appeal. The *Haugen* court outlined the federal rules for filing an effective notice of appeal, including specifying the party taking the appeal; designating the judgment, order, or part thereof appealed from; and name of the court to which the appeal is taken. 171 F.3d at 138; see Fed. R. App. Proc. 3(c). Yet, with respect to informality, that same federal rule instructed: "An appeal must not be dismissed for informality of form or title of the notice of appeal, [or] for failure to name a party *whose intent to appeal is otherwise clear from the notice*." (Emphasis added.) Fed. R. App. Proc. 3(c)(7). In its consideration of the letter, the court noted that the letter had followed the essential appellate rules by stating a definite intention to appeal the judgment of the district court and to bring that appeal to "this court." The *Haugen* court held that the letter had satisfied these requirements and considered the appellants' appeal. 171 F.3d at 138.

Similarly, Ortiz-Larios submitted a letter to the same judge who presided over his sentencing, with a clear intent that he wished to appeal his sentence. Just as in *Haugen*, Ortiz-Larios submitted the letter within the time specified under K.S.A. 22-3608(c). Ortiz-Larios also specifically suggested to the court the attorney he wished to represent him on his appeal and was looking forward to the court's response. However, unlike in *Haugen*, where the district court did rule on the appellant's motion, here, outside of filing the letter with the clerk's office, nothing further was done.

From our review of Ortis-Larios' letter filed with the district court 10 days after his sentencing and given the language of his letter to the court expressing his desire to appeal his sentence, we find that Ortiz-Larios timely sought to appeal his sentence. He continued to correspond with the district court about his case, but he was never given the opportunity to appeal his sentence. Because a criminal defendant does enjoy certain procedural due process protections, including on appeal, Ortiz-Larios should be able to pursue his direct appeal. See *Patton*, 287 Kan. at 217. As a result of this disposition, we need not consider Ortiz-Larios' alternative arguments as to whether the district court should have granted his K.S.A. 60-1507 motion to permit an appeal out of time.

We reverse and remand for Ortiz-Larios to proceed with his direct appeal of his sentence, and we instruct the district court to appoint Ortiz-Larios appellate counsel under K.S.A. 22-4505(a).

Reversed and remanded with directions.