■ Rachina Phillips, Respondent, v Taco Bell Corp. et al., Appellants, et al., Defendant. [60 NYS3d 67]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Brown, J.), entered April 18, 2016, which denied their motion pursuant to CPLR 3211 (a) (1) and (7), in effect, to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was preparing hot foods within the scope of her employment at a Taco Bell restaurant in Hempstead (hereinafter the premises) when she sustained personal injuries after boiling water spilled on her right foot. It is undisputed that the plaintiff was employed by Taco Bell of America, LLC (hereinafter the LLC). The plaintiff commenced this action against Taco Bell Corp. (hereinafter Taco Bell) and Yum! Brands, Inc. (hereinafter Yum Brands; hereinafter together the defendants), and "John Doe," alleging that the defendants owned, licensed, operated, managed, controlled, supervised, maintained, and inspected the premises and that her injuries were caused solely by the negligence of the defendants.

Prior to answering the complaint, the defendants moved pursuant to CPLR 3211 (a) (1) and (7), in effect, to dismiss the complaint insofar as asserted against them, alleging that the plaintiff's employer, the LLC, was a subsidiary company of Yum Brands and a sister company of Taco Bell. The defendants further alleged that the premises was owned, operated, and controlled exclusively by the LLC. Accordingly, the defendants argued that the action could not be maintained against them because they did not own, operate, or maintain the premises, and even if they did own, operate, or maintain the premises, they were the "alter egos" of the LLC and, thus, any claim against them was barred, as workers' compensation was the exclusive remedy. The Supreme Court denied the motion. The defendants appeal.

"A motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (*Mawere v Landau*, 130 AD3d 986, 987 [2015] [internal quotation marks

omitted]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). If the evidence submitted in support of the motion is not "documentary," the motion must be denied (CPLR 3211 [a] [1]; *see Prott v Lewin & Baglio, LLP*, 150 AD3d 908 [2017]). To constitute documentary evidence, the evidence must be "unambiguous, authentic, and undeniable" (*Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 997 [2010]), such as judicial records and documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable (*see Prott v Lewin & Baglio, LLP*, 150 AD3d 908 [2017]). Conversely, letters, emails, and, as most relevant to this appeal, affidavits, do not meet the requirements for documentary evidence (*see id.*; *Attias v Costiera*, 120 AD3d 1281, 1283 [2014]; *Matter of Walker*, 117 AD3d 838, 839 [2014]). An affidavit is not documentary evidence because its contents can be controverted by other evidence, such as another affidavit (*see J.A. Lee Elec., Inc. v City of New York*, 119 AD3d 652 [2014]).

Here, the affidavits submitted in support of the defendants' motion were not documentary evidence within the meaning of CPLR 3211 (a) (1). To the extent the other evidence submitted was documentary, that evidence did not conclusively establish that the defendants lacked ownership or control over the premises or that the defendants were in fact the alter egos of the plaintiff's employer. Thus, the defendants did not conclusively establish a defense as a matter of law or utterly refute the plaintiff's factual allegations (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326), and that branch of their motion which sought dismissal pursuant to CPLR 3211 (a) (1) was properly denied.

On a motion pursuant to CPLR 3211 (a) (7) to dismiss for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Scialdone v Stepping Stones Assoc., L.P.*, 148 AD3d 953 [2017]). Thus, "a motion to dismiss made pursuant to CPLR 3211 (a) (7) will fail if, taking all facts alleged as true and according them every possible inference favorable to the plaintiff, the complaint states in some recognizable form any cause of action known to our law" (*Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2006]). While a court is permitted to consider evidentiary material submitted by a defendant in support of a

motion to dismiss pursuant to CPLR 3211 (a) (7) (*see Sokol v Leader*, 74 AD3d 1180, 1181 [2010]), "affidavits submitted by a defendant will almost never warrant dismissal under CPLR 3211 unless they establish conclusively that [the plaintiff] has no cause of action" (*Bokhour v GTI Retail Holdings, Inc.*, 94 AD3d 682, 683 [2012] [internal quotation marks omitted]; *see Sokol v Leader*, 74 AD3d at 1182). Here, the complaint stated a cause of action, and the defendants' submissions did not conclusively establish that the plaintiff has no cause of action (*see Bokhour v GTI Retail Holdings, Inc.*, 94 AD3d at 683). Accordingly, the Supreme Court also properly denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7). Dillon, J.P., Austin, Roman and Cohen, JJ., concur.