Yu Chen v Kupoint (USA) Corp. (2018 NY Slip Op 02498)





Yu Chen v Kupoint (USA) Corp.


2018 NY Slip Op 02498


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
JEFFREY A. COHEN, JJ.


2017-03533
 (Index No. 703054/15)

[*1]Yu Chen, plaintiff, 
v
Kupoint (USA) Corporation, defendant, Kenlo International Corporation, appellant.


McCarthy & Asscociates, Melville, NY (Michael D. Kern of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Kenlo International Corporation appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered January 25, 2017, which denied its unopposed motion pursuant to CPLR 3211(a)(7) to dismiss the amended complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff alleged that he sustained personal injuries on February 19, 2014, when he slipped and fell on liquid on the floor of a building located in Long Island City (hereinafter the premises). The plaintiff commenced this action against the defendant Kupoint (USA) Corporation (hereinafter Kupoint), which allegedly owned, controlled, managed, and maintained the premises. Kupoint answered the complaint and admitted to owning the premises.
Approximately one year later, the plaintiff moved for leave to amend the complaint to add Kenlo International Corporation (hereinafter Kenlo) as a defendant. The plaintiff alleged that Kenlo owned, operated, managed, maintained, and leased the portion of the premises where the accident occurred. The plaintiff also alleged that Kenlo created the condition that caused his accident. There was no opposition to the motion. In an order dated September 9, 2016, the Supreme Court granted the plaintiff's motion for leave to amend the complaint. Kenlo answered the amended complaint and asserted a cross claim against Kupoint alleging, inter alia, that it was entitled to contribution and/or common-law or contractual indemnification. Kupoint asserted cross claims against Kenlo. Kenlo moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint and all cross claims insofar as asserted against it. The motion was not opposed. The court denied the motion. Kenlo appeals.
On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must afford the complaint a liberal construction, accept all facts as alleged in the complaint to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87; Murphy v Department of Educ. of the City of N.Y., 155 AD3d 637). Accordingly, a motion to dismiss made pursuant to CPLR 3211(a)(7) must fail if, upon taking all the facts alleged in the complaint as true and according them every possible inference favorable to the plaintiff, "the complaint states in some recognizable form any cause of action known to our law" (Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38). While [*2]a court is permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7) (see Phillips v Taco Bell Corp., 152 AD3d 806, 807), "affidavits submitted by a defendant will almost never warrant dismissal under CPLR 3211 unless they establish conclusively that [the plaintiff] has no cause of action" (Bokhour v GTI Retail Holdings, Inc., 94 AD3d 682, 683 [internal quotation marks omitted]; see Phillips v Taco Bell Corp., 152 AD3d at 808; Dolphin Holdings, Ltd. v Gander & White Shipping, Inc., 122 AD3d 901, 902). The plaintiff "may not be penalized for failure to make an evidentiary showing in support of a complaint that states a claim on its face" (Miglino v Bally Total Fitness of Greater N.Y., Inc., 20 NY3d 342, 351, citing Rovello v Orofino Realty Co., 40 NY2d 633, 635). Indeed, if a plaintiff chooses to stand on his or her pleading alone, "confident that its allegations are sufficient to state all the necessary elements of a cognizable cause of action, he [or she] is at liberty to do so and, unless the motion to dismiss is converted by the court to a motion for summary judgment, he [or she] will not be penalized because he [or she] has not made an evidentiary showing in support of his [or her] complaint" (Rovello v Orofino Realty Co., 40 NY2d at 635).
Here, the Supreme Court did not convert Kenlo's motion pursuant to CPLR 3211(a)(7) to dismiss to a motion for summary judgment. The amended complaint states a cause of action as against Kenlo, and Kenlo's submissions, including an affidavit of its president, did not conclusively establish that the plaintiff has no cause of action against it, or that Kupoint has no cross claims against Kenlo (see Phillips v Taco Bell Corp., 152 AD3d at 807-808; Soodoo v LC, LLC, 116 AD3d 1033, 1034). Accordingly, the court properly denied Kenlo's motion pursuant to CPLR 3211(a)(7) to dismiss the amended complaint and all cross claims insofar as asserted against it.
MASTRO, J.P., ROMAN, SGROI and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court