Gulfstream Anesthesia Consultants, P.A. v Cortland Regional Med. Ctr., Inc. (2018 NY Slip Op 07018)





Gulfstream Anesthesia Consultants, P.A. v Cortland Regional Med. Ctr., Inc.


2018 NY Slip Op 07018


Decided on October 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 18, 2018

525737

[*1]GULFSTREAM ANESTHESIA CONSULTANTS, P.A., Appellant,
v
CORTLAND REGIONAL MEDICAL CENTER, INC., Respondent.

Calendar Date: September 10, 2018

Before: McCarthy, J.P., Lynch, Devine, Mulvey and Pritzker, JJ.


Buchanan Ingersoll & Rooney PC, New York City (Gerald E. Burns of Buchanan Ingersoll & Rooney PC, Philadelphia, Pennsylvania, of counsel, admitted pro hac vice), for appellant.
Hancock & Estabrook, LLP, Syracuse (Janet D. Callahan of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeals (1) from an order of the Supreme Court (Rumsey, J.), entered March 24, 2017 in Cortland County, which partially granted defendant's motion to dismiss the complaint, and (2) from an order of said court (Lebous, J.), entered October 17, 2017 in Cortland County, which denied plaintiff's motion to, among other things, amend the complaint.
Plaintiff provides clinical and consulting services in the field of anesthesiology to hospitals and other medical providers. In April 2015, it entered into an agreement with defendant, the operator of a hospital and health care facility, to furnish anesthesiology professionals to meet defendant's staffing needs. The agreement was for an initial term of three years, commencing on August 20, 2015 (later amended to September 8, 2015) and ending on August 20, 2018. Pursuant to section 7.2, either party could terminate the agreement without cause after August 20, 2016 upon 180 days' advance written notice to the other party. In addition, under section 1.3, defendant could request removal of the medical director upon 90 days' notice to plaintiff. In such case, plaintiff would select a replacement and, if the replacement was not satisfactory to defendant, defendant could then terminate the agreement upon 30 days' written notice to plaintiff.
On February 9, 2016, defendant advised plaintiff that, pursuant to section 7.2, it was terminating the agreement as of August 7, 2016. It later amended the termination date to August 21, 2016. Subsequently, however, defendant sought to terminate the agreement under section 1.3. Specifically, on August 4, 2016, defendant notified plaintiff in writing that it disapproved of plaintiff's appointment of Lawrence Reid as the medical director in place of Yuri Khibkin, who was resigning effective August 8, 2016 and, consequently, defendant was terminating the agreement 30 days later, on September 4, 2016.
As the result of defendant's actions in, among other things, seeking to terminate the agreement, plaintiff commenced this action asserting various claims. In its second cause of action alleging breach of contract, plaintiff claimed that defendant failed to request removal of the medical director upon 90 days' notice to plaintiff before disapproving of the replacement, a prerequisite to its right to terminate the agreement upon 30 days' written notice under section 1.3. Prior to serving an answer, defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). Supreme Court (Rumsey, J.) partially granted the motion and dismissed a number of claims, including plaintiff's second cause of action [FN1]. Plaintiff, in turn, moved for reargument and/or renewal pursuant to CPLR 2221 and for leave to amend the complaint. Supreme Court (Lebous, J.) denied this motion. Plaintiff appeals from both orders.
Plaintiff initially argues that Supreme Court (Rumsey, J.) improperly relied upon an August 10, 2016 letter prepared by its counsel during settlement negotiations and asserts that this letter erroneously stated that Reid had replaced Khibkin as the medical director following Khibkin's August 8, 2016 resignation.
Plaintiff further contends that Reid had been the medical director from the inception of the contract and that Khibkin occupied and resigned from a different position, namely the chairperson of the Department of Anesthesia. This issue is significant because if Reid was never replaced and had always been the medical director, plaintiff would have been entitled to rely upon the 90-day removal provision contained in section 1.3 of the contract and, only after plaintiff had been given the opportunity to choose a substitute medical director, would defendant have the right to exercise the 30-day cancellation provision. Supreme Court found that plaintiff's attorney's representation in the August 10, 2016 letter contradicted the allegation contained in plaintiff's complaint that Reid had served as medical director since August 20, 2015, a necessary element of its second cause of action for breach of contract. Plaintiff now points to the face sheet of the parties' agreement,[FN2] which was dated and signed on April 24, 2015 and set to commence on August 20, 2015, which lists Reid as the medical director.[FN3]
CPLR 3211 (a) (1) provides that "[a] party may move for judgment dismissing one or more causes of action asserted against him [or her] on the ground that . . . a defense is founded upon documentary evidence." "A motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (Phillips v Taco Bell Corp., 152 AD3d 806, 806 [2017] [internal quotation marks and citations omitted]; see Kolchins v Evolution Mkts, Inc., 31 NY3d 100, 106 [2018]; Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). For purposes of the statute, documentary evidence is evidence that is "unambigious, authentic, and undeniable" (Granada Condominium III Assn. v Palomino, 78 AD3d 996, 997 [2010]); see Trask v Tremper Prop. Assn., Inc., 122 AD3d 1206, 1207 [2014]; Mason v First Cent. Natl. Life Ins. Co. of N.Y., 86 AD3d 854, 855 [2011]), and includes "judicial records and documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable" (Phillips v Taco Bell Corp., 152 AD3d at 807; see Mason v First Cent. Natl. Life Ins. Co. of N.Y., 86 AD3d at 855).
Here, the "admission" contained in the August 10, 2016 letter from plaintiff's attorney is contradicted by other proof in the record, namely, the face sheet of the parties' agreement, executed in April 2015, which specifically lists Reid as the medical director. As this face sheet is consistent with the allegations set forth in the complaint relative to plaintiff's second cause of action, it cannot be said that the contents of the August 10, 2016 letter are "undeniable" and, as such, does not constitute documentary evidence for the purposes of CPLR 3211 (a) (1) (see Phillips v Taco Bell Corp., 152 AD3d at 807). As such, the second cause of action should not have been dismissed on this basis. In light of this determination, plaintiff's contention regarding the denial of its motion for reargument and/or renewal is rendered academic.
Plaintiff also contends that Supreme Court (Lebous, J.) erred in denying its motion for leave to amend the complaint to add allegations supporting its second cause of action, including those concerning Reid's service as medical director. Initially, CPLR 3025 (b) provides generally that leave to amend a pleading "shall be freely given." "[T]he rule on a motion for leave to amend a pleading is that the movant need not establish the merits of the proposed amendment and, '[i]n the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit'" (NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d 99, 102 [2017], quoting Lucido v Mancuso, 49 AD3d 220, 229 [2008]; see Green Tree Servicing, LLC v Feller, 159 AD3d 1246, 1247 [2018]). Here, the proposed amendment does not change the theory of recovery, but seeks to further develop facts supporting plaintiff's second cause of action for breach of contract. In addition, plaintiff did not delay in seeking the amendment and, given that the amendment is confined to matters that were in the original complaint, there is no prejudice to defendant (see NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d at 102-103). In view of the foregoing, leave to amend the complaint should have been granted.
McCarthy, J.P., Lynch, Devine and Mulvey, JJ., concur.
ORDERED that the order entered March 24, 2017 is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion to dismiss the second cause of action; motion denied to said extent; and, as so modified, affirmed.
ORDERED that the order entered October 17, 2017 is modified, on the law, without costs, by reversing so much thereof as denied that part of plaintiff's motion seeking to amend the complaint; motion granted to said extent; and, as so modified, affirmed.



Footnotes

Footnote 1: While not explicitly stated, it is evident from Supreme Court's decision that plaintiff's second cause of action was dismissed under CPLR 3211 (a) (1) based upon documentary evidence.

Footnote 2: This document was contained in the papers filed incident to defendant's motion to dismiss and is therefore part of the record.

Footnote 3: A review of the papers submitted by plaintiff in opposition to defendant's motion to dismiss confirms that plaintiff did not bring the face sheet of the agreement to Supreme Court's attention, nor did it mention the impact of that letter on its second cause of action. Nevertheless, this Court may consider plaintiff's argument where it is determinative of the appeal and the record is sufficient to permit review (see Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408-409 [2009]).