Varricchio v Big Bros. Big Sisters of Am., Inc. (2023 NY Slip Op 05285)

Varricchio v Big Bros. Big Sisters of Am., Inc.

2023 NY Slip Op 05285

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JANICE A. TAYLOR, JJ.

2022-05780
 (Index No. 900238/21)

[*1]Kenneth Varricchio, respondent, 
v
Big Brothers Big Sisters of America, Inc., et al., defendant, Big Brothers/Big Sisters of Long Island, Inc., et al., appellants.

Mulholland Minion Davey McNiff & Beyrer, Williston Park, NY (Brian R. Davey of counsel), for appellants.
Curis Law, PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kelly A. Breslauer], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Big Brothers/Big Sisters of Long Island, Inc., and Big Brothers-Big Sisters of Nassau County, Inc., appeal from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered July 12, 2022. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first and second causes of action insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action seeking to recover damages for sexual abuse he allegedly suffered in approximately 1970, when he was a member of Big Brothers of Nassau County, Inc. The plaintiff alleged in the amended complaint that Big Brothers of Nassau County, Inc., dissolved after the alleged abuse occurred and was either subsumed by or merged with the defendant Big Brothers-Big Sisters of Nassau County, Inc., which later became known as the defendant Big Brothers/Big Sisters of Long Island, Inc. (hereinafter together the defendants). The amended complaint further alleged that the defendants were the successors in interest to Big Brothers of Nassau County, Inc., and therefore liable for its negligence. The plaintiff alleged in the first and second causes of action that the defendants were negligent in failing to protect him from sexual abuse, and were negligent in the hiring, retention, and supervision of their employees.
The defendants moved, inter alia, pursuant to CPLR 3211(a)(1) to dismiss the first and second causes of action. In an order entered July 12, 2022, the Supreme Court, among other things, denied those branches of the motion. The defendants appeal.
"A motion to dismiss on the ground that the action is barred by documentary evidence pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Qureshi [*2]v Vital Transp., Inc., 173 AD3d 1076, 1077; see Bedford-Carp Constr., Inc. v Brooklyn Union Gas Co., 215 AD3d 907, 908). "To constitute documentary evidence, the evidence must be unambiguous, authentic, and undeniable, such as judicial records and documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable" (Yan Ping Xu v Van Zwienen, 212 AD3d 872, 874 [citations and internal quotation marks omitted]; see Phillips v Taco Bell Corp., 152 AD3d 806, 806). "An affidavit is not documentary evidence because its contents can be controverted by other evidence, such as another affidavit" (Phillips v Taco Bell Corp., 152 AD3d at 807; see Yan Ping Xu v Van Zwienen, 212 AD3d at 874).
Here, the affidavit submitted in support of the defendants' motion was not documentary evidence within the meaning of CPLR 3211(a)(1) (see Davis v Henry, 212 AD3d 597, 598; Phillips v Taco Bell Corp., 152 AD3d at 807). In any event, the evidence submitted by the defendants did not conclusively dispose of the plaintiff's first and second causes of action against the defendants (see Bibbo v Arvanitakis, 145 AD3d 656, 657). Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were pursuant to CPLR 3211(a)(1) to dismiss the first and second causes of action (see Transcan Sys., Inc. v Seldat Distrib., Inc., 209 AD3d 911, 914; Bellevue Towers & Gardens, LLC v Atlantis Natl. Servs., Inc., 208 AD3d 1300, 1302).
The parties' remaining contentions either are without merit or need not be considered in light of our determination.
DILLON, J.P., IANNACCI, MILLER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court