## Amoia v Mandelbaum Barrett, P.C.

2025 NY Slip Op 30175(U)

January 17, 2025

Supreme Court, New York County

Docket Number: Index No. 150936/2024

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. PAUL A. GOETZ**
*Justice*

PART 47

-----------------------------------------------------------------------------X

KRISTEN AMOIA

Plaintiff,

- v -

MANDELBAUM BARRETT, P.C.,

Defendant.

-----------------------------------------------------------------------------X

INDEX NO. 150936/2024

MOTION DATE 05/29/2024

MOTION SEQ. NO. 001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 31, 32, 33, 34, 35, 36, 38

were read on this motion to/for                                    DISMISSAL                                    .

In this legal malpractice action, defendant moves pre-answer to dismiss the complaint pursuant to CPLR §§ 3211(a)(1) and (a)(7) arguing that the action must be dismissed on documentary evidence and that plaintiff has failed to state a cause of action on which relief can be sought. Plaintiff opposes arguing that her complaint is sufficient, and defendants have failed to meet their burden warranting pre-answer dismissal.

## BACKGROUND

Plaintiff, Kristen Amoia retained defendant law firm, Mandelbaum Barrett, P.C. (the "firm") to represent her following the death of her husband, Patrick Amoia on May 1, 2020. Defendant claims that the firm was unable to obtain expert support for plaintiff's claims of wrongful death and medical malpractice and concluded there was no reasonable basis to commence the action. Defendant did however, file the action on plaintiff's behalf to protect her interests while she sought new counsel (*Kristen Amoia v. Good Samaritan Hospital Medical Center et al.*, Index No 616626/2022, Suffolk County Supreme Court) [the "Underlying Action"]. On August, 23, 2022 defendant informed plaintiff that it would not be taking any

150936/2024   AMOIA, KRISTEN vs. MANDELBAUM BARRETT, P.C.
Motion No.  001

Page 1 of 6

[* 1]

further actions in the case and informed her to notify her new counsel, about the time frame to serve the complaint (NYSCEF Doc No 12).

As of at least January 6, 2023, Plaintiff was represented by her attorney in this action, in the underlying action. Plaintiff's present attorney served the defendants in the underlying action on April 18, 2023 (Index No 616626/2022; NYSCEF Doc Nos 3 – 17). The defendants in the underlying action moved to dismiss based on lack of personal jurisdiction, and the court granted the unopposed motions (Index No 616626/2022; NYSCEF Doc Nos 53 – 55). Plaintiff's current counsel then moved to vacate the dismissals but the motion was denied on September 11, 2023 (NYSCEF Doc No 93).

## DISCUSSION

*Dismissal by Documentary Evidence*

"A motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (*Phillips v Taco Bell Corp.*, 152 AD3d 806, 806 [2d Dept 2017]). "To constitute documentary evidence, the evidence must be unambiguous, authentic, and undeniable, such as judicial records and documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable (*id*. at 807 [internal citations and quotation marks omitted]). "[E]mails can qualify as documentary evidence if they meet the essentially undeniable test" (*Amsterdam Hosp. Group, LLC v Marshall-Alan Assoc., Inc.*, 120 AD3d 431, 433 [1st Dept 2014]).

*Failure to State a Claim*

When reviewing a "motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), [courts] must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every reasonable inference, and determine only whether the facts, as alleged fit within any cognizable legal theory" (*Bangladesh Bank v Rizal Commercial Banking Corp.*, 226 AD3d 60, 85-86 [1st Dept 2024] [internal quotations omitted]). "In making this determination, [courts] are not authorized to assess the merits of the complaint or any of its factual allegations" (*id*. at 86 [internal quotations omitted]). Further "[i]n assessing a motion under CPLR 3211(a)(7), ... the criterion is whether the proponent of the pleading has a cause of action, not whether [they have] stated one" (*Eccles v Shamrock Capital Advisors, LLC*, 2024 NY Slip Op 02841 [Ct App May 23, 2024] [internal quotations omitted]).

"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Aur v Manhattan Greenpoint Ltd.*, 132 AD3d 595, 595 [1st Dept 2015]). "[P]rior to commencing a legal malpractice action, a party who is likely to succeed on appeal of the underlying action should be required to press an appeal. However, if the client is not likely to succeed, he or she may bring a legal malpractice action without first pursuing an appeal" (*Grace v Law*, 24 NY3d 203, 210 [2014]). But, "at this preliminary stage of the litigation, the defendants have [the burden to] demonstrate that the plaintiff's subsequent attorney had a sufficient opportunity to correct their alleged error … such that they did not proximately cause any damages flowing from that error" (*Gobindram v Ruskin Moscou Faltischek, P.C.*, 175 AD3d 586, 591 [2d Dept 2019]).

*Application to Plaintiff's Claims*

Here, plaintiff alleges two theories of legal malpractice. First, she alleges that defendant failed to timely commence an action for wrongful death by not commencing the underlying action within the 2 years statute of limitations. Second, she alleges that defendant failed to serve defendants with the pleadings within 120 days after filing as required by CPLR § 306-b.

As for plaintiff's theory that defendant failed to timely commence the underlying wrongful death action, defendant submits the docket list from the underlying action which shows that the Summons and Complaint were filed on August 19, 2022 (NYSCEF Doc No 23). Because Patrick Amoia passed away on May 1, 2020, ordinarily the plaintiff would only have until May 1, 2022 to bring the wrongful death action to be timely under the two year statute of limitations. However, On March 7, 2020, in response to the Covid-19 pandemic, Governor Andrew M. Cuomo issued Executive Order No. 202.8 which tolled the time to commence the action (*Cortes v City of New York*, 226 AD3d 501 [1st Dept 2024]). Because of Executive Order 202.8, plaintiff had until November 4, 2022 to commence the action meaning the underlying action was timely, and thus a cause of action for legal malpractice cannot be sustained based on this theory.

Plaintiff's second theory is that defendant was negligent by failing to serve the defendants in the underlying action with the pleadings within 120 days after filing as required by CPLR § 306-b. Defendant argues that immediately upon commencing the action, plaintiff was informed that defendant would be terminating its representation of plaintiff and that it would not be serving the underlying action defendants.

Defendant submits an e-mail sent to the firm by plaintiff on August 18, 2022 where she stated that she was working with new counsel who wanted to commence the action the next day

**150936/2024   AMOIA, KRISTEN vs. MANDELBAUM BARRETT, P.C.**          **Page 4 of 6**
  **Motion No.  001**

4 of 6

[* 4]

(NYSCEF Doc No 11). Defendant also submits an email sent by firm partner, Michael F. Bevacqua Jr. to plaintiff on August 23, 2022 (NYSCEF Doc No 12). In that e-mail Bevacqua states that after consulting with a physician, defendant he believed that he "could not provide the attestation that I believe there is a reasonable basis for the commencement of the action, as required under CPLR 3012-a(1)" and thus would be terminating the firm's representation of plaintiff (*id.*). He goes on to state that defendant filed the complaint as a courtesy to plaintiff in order to preserve her claims, but the firm "will not be serving the Complaint upon the defendants, filing a Certificate of Merit, or performing any further services of any kind or nature for [plaintiff]" (*id.*). Plaintiff does not dispute the authenticity of these emails.

Defendant also notes that the three motions in the underlying action which dismissed the claims against all the underlying defendants because they were not served, and the court lacked personal jurisdiction over them, were unopposed by plaintiff's new counsel (NYSCEF Doc Nos 15 – 17). Nor did plaintiff's new attorney make any effort to serve the underlying defendants, or move for an extension in time to effectuate service. Further, after plaintiff's new counsel made a motion to vacate the dismissals, he failed to present the argument that the statute of limitations had been tolled, and therefore the wrongful death claim was not time-barred. The court in the underlying action ultimately denied the motion to vacate because plaintiff's counsel was "unable to demonstrate that the action is meritorious" (NYSCEF Doc No 18). Therefore, "the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (*Phillips*, 152 AD3d at 806).

Accordingly, it is

ORDERED that the defendants' motion to dismiss the complaint is granted; and it is further

**150936/2024   AMOIA, KRISTEN vs. MANDELBAUM BARRETT, P.C.**
**Motion No.  001**

**Page 5 of 6**

[* 5]

ORDERED that the clerk is directed to enter judgement in favor of defendants with costs

and disbursements as taxed by the clerk.

20250117134710PGOETZAZA2344020104985B2E50A167F2B4560

__1/17/2025__
__DATE__

__PAUL A. GOETZ, J.S.C.__

| CHECK ONE: | | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | X | GRANTED | ☐ DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

150936/2024   AMOIA, KRISTEN vs. MANDELBAUM BARRETT, P.C.
Motion No.  001

Page 6 of 6

[* 6]