Silber Inv. Props., Ltd. v BJG Islandia Realty, LLC (2025 NY Slip Op 01661)

Silber Inv. Props., Ltd. v BJG Islandia Realty, LLC

2025 NY Slip Op 01661

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-00063
 (Index No. 610399/21)

[*1]Silber Investment Properties, Ltd., appellant,
v
BJG Islandia Realty, LLC, et al., respondents, et al., defendants.

Rivkin Radler LLP, Uniondale, NY (E. Christopher Murray of counsel), for appellant.
Gutman Weiss, P.C., Brooklyn, NY (Dov B. Medinets and Yakov Medinets of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover a real estate brokerage commission, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered December 1, 2022. The order granted the motion of the defendants BJG Islandia Realty, LLC, Bill Kukiela, also known as Bill Cook, Glen Taus, and Jeff Bakshi pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendants BJG Islandia Realty, LLC, Bill Kukiela, also known as Bill Cook, Glen Taus, and Jeff Bakshi which were pursuant to CPLR 3211(a) to dismiss the first, second, and third causes of action insofar as asserted against them, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff, a licensed real estate broker, commenced this action, among other things, to recover a real estate brokerage commission pursuant to the terms of an oral brokerage agreement, alleging that it procured a buyer that was ready, willing, and able to purchase certain real property owned by the defendants BJG Islandia Realty, LLC (hereinafter BJG), Bill Kukiela, also known as Bill Cook, Glen Taus, and Jeff Bakshi (hereinafter collectively the defendants), but the defendants did not pay the plaintiff a commission for its services. As relevant to this appeal, the first, second, and third causes of action alleged breach of contract and unjust enrichment and to recover in quantum meruit; the fifth cause of action alleged, in effect, breach of trust; the sixth cause of action alleged violations of Debtor and Creditor Law §§ 273 and 274; and the seventh cause of action alleged violations of Debtor and Creditor Law §§ 276 and 276-a. The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against them. The Supreme Court granted the motion, and the plaintiff appeals.
"A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law" (Mohawk Constr. & Supply Co., Inc. v Walsh/Consigli JV, 222 AD3d 965, 966-967 [internal quotation marks [*2]omitted]; see Bianco v Law Offs. of Yuri Prakhin, 189 AD3d 1326, 1327-1328). "The evidence submitted in support of such motion must be documentary or the motion must be denied" (Kalaj v 21 Fountain Place, LLC, 169 AD3d 657, 657 [internal quotation marks omitted]; see Porat v Rybina, 177 AD3d 632, 633). In order for the evidence to qualify as documentary evidence, it must be unambiguous, authentic, and undeniable (see Bianco v Law Offs. of Yuri Prakhin, 189 AD3d at 1328; Granada Condominium III Assn. v Palomino, 78 AD3d 996, 997). Letters, emails, deposition testimony, and affidavits do not qualify as documentary evidence (see Yan Ping Xu v Van Zwienen, 212 AD3d 872, 874; Bianco v Law Offs. of Yuri Prakhin, 189 AD3d at 1328; Porat v Rybina, 177 AD3d at 633).
Here, Kukiela's affidavit was not documentary within the meaning of CPLR 3211(a)(1) and should not have been considered as such (see Churong Liu v Gabbay, 219 AD3d 459, 461; Phillips v Taco Bell Corp., 152 AD3d 806, 807). Contrary to the Supreme Court's determination, to the extent the other evidence submitted by the defendants was documentary, that evidence did not conclusively establish a defense to the claims as a matter of law or utterly refute the plaintiff's factual allegations (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Phillips v Taco Bell Corp., 152 AD3d at 807).
"Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275; Churong Liu v Gabbay, 219 AD3d at 460).
Here, the evidentiary material submitted by the plaintiff and the defendants revealed, inter alia, a fundamental dispute about the terms, and even the existence, of the oral brokerage agreement. While the plaintiff alleged that the defendants promised to pay a commission of four percent if the plaintiff could convince Hillpark Gardens, LLC, to offer to purchase the property for $8,800,000, the defendants contended that they did not agree to pay the plaintiff a commission of four percent and that another broker procured the sale. Since the parties are free to set the terms under which the broker will be deemed to have earned its commission (see Rusciano Realty Servs. v Griffler, 62 NY2d 696, 697; Kalaj v 21 Fountain Place, LLC, 169 AD3d at 659), we cannot conclude, as a matter of law, that the plaintiff has failed to state a cause of action alleging breach of contract. Further, under the circumstances presented here, where a bona fide dispute exists as to the existence of a contract, the plaintiff has properly asserted alternate theories of recovery in its causes of action alleging unjust enrichment and to recover in quantum meruit (see Emby Hosiery Corp. v Tawil, 196 AD3d 462, 465; see also Georgica Bldrs., Ltd. v 136 Bishops Lane, LLC, 175 AD3d 610, 611).
Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were to dismiss the causes of action alleging breach of contract and unjust enrichment and to recover in quantum meruit.
However, the Supreme Court properly granted those branches of the defendants' motion which were to dismiss the causes of action alleging violations of Debtor and Creditor Law §§ 273, 274, 276, and 276-a and the cause of action alleging, in effect, breach of trust.
At the outset, we note that, contrary to certain statutory language and case law cited by the parties and by the Supreme Court, the former version of article 10 of the Debtor and Creditor Law does not apply to this case. In 2019, New York enacted the Uniform Voidable Transactions Act, which repealed and replaced certain provisions of the Debtor and Creditor Law relating to fraudulent conveyances, which became effective April 4, 2020 (see Uniform Voidable Transactions Act, L 2019, ch 580, § 2 [eff Apr. 4, 2020]; L & M 353 Franklyn Ave. LLC v Steinman, 202 AD3d 440, 440; Van de Walle v Van de Walle, 68 Misc 3d 1224[A], 2020 NY Slip Op 051064[U] [Sup Ct, Nassau County], affd 200 AD3d 1095; see also James Gadsden & Alan Kolod, 2023 Supp Prac [*3]Commentaries, McKinney's Cons Laws of NY, Book 12, Debtor and Creditor Law § 252, 2024 Pocket Part at 15; McCormack Family Charitable Found. v Fidelity Brokerage Servs., LLC, 195 AD3d 420, 421 n). Transfers made after April 4, 2020, like the one at issue here, are governed by the current version of the statute (see Van de Walle v Van de Walle, 68 Misc 3d 1224[A], 2020 NY Slip Op 051064[U]; United States v Weathers, 2024 WL 3431054, *3 n 4, 2024 US Dist LEXIS 125272, *6 n 4 [WD NY, No. 22-CV-243S]; Red Rock Sourcing LLC v JGX LLC, 2024 WL 1243325, *39 n 18, 2024 US Dist LEXIS 52748, *132 n 18 [SD NY, No. 21 Civ 1054 (JPC)]; see also James Gadsden & Alan Kolod, 2023 Supp Prac Commentaries, McKinney's Cons Laws of NY, Book 12, Debtor and Creditor Law § 252, 2024 Pocket Part at 15).
Debtor and Creditor Law § 273(a), as amended by the Uniform Voidable Transactions Act, provides, in part, that a transfer made by a debtor is "voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made . . . if the debtor made the transfer . . . (1) with actual intent to hinder, delay or defraud any creditor of the debtor; or (2) without receiving a reasonably equivalent value in exchange for the transfer . . . and the debtor . . . (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due." Pursuant to Debtor and Creditor Law § 273(b)(9), one of the factors used to determine "actual intent" as set forth in Debtor and Creditor Law § 273(a)(1) is whether "the debtor was insolvent or became insolvent shortly after the transfer was made."
Debtor and Creditor Law § 274(a) provides, in part, that "[a] transfer made . . . by a debtor is voidable as to a creditor whose claim arose before the transfer was made . . . if the debtor made the transfer . . . without receiving a reasonably equivalent value in exchange for the transfer . . . and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer" (emphasis added).
In support of causes of action alleging violations of Debtor and Creditor Law §§ 273 and 274 (asserted together in the sixth cause of action), plaintiff alleged that, "[u]pon information and belief, the net proceeds of the sale were disbursed" from BJG to Kukiela, Taus, and Bakshi (hereinafter collectively the individual defendants) and that "[t]he transfer of the funds realized from the sale of the property to [the individual defendants] rendered BJG insolvent." In opposing the motion to dismiss, an associate broker affiliated with the plaintiff averred, "[s]ince BJG was a stand alone entity, the net proceeds of the sale were disbursed to [the individual defendants], a fact that can be confirmed during discovery."
Under these circumstances, the plaintiff does not have causes of action alleging violations of Debtor and Creditor Law §§ 273 and 274. Among other things, the plaintiff failed to sufficiently allege that the purported transfer of the funds rendered BJG insolvent or that the transfer was made without BJG receiving a reasonably equivalent value in exchange therefor (see Debtor and Creditor Law §§ 273[a],[b]; 274[a]; Patterson Belknap Webb & Tyler LLP v Marcus & Cinelli LLP, 227 AD3d 505, 507-508; L & M 353 Franklyn Ave. LLC v Steinman, 202 AD3d at 440; see also Red Rock Sourcing LLC v JGX LLC, 2024 WL 1243325, *40, 2024 US Dist LEXIS 52748, *133-134).
Insofar as the causes of action alleging violations of Debtor and Creditor Law §§ 273 and 274 must be dismissed, the causes of action alleging violations of Debtor and Creditor Law §§ 276 and 276-a (asserted together in the seventh cause of action) must also be dismissed, as neither of those provisions set forth an independent cause of action (see id.). Further, as the Supreme Court determined, to the extent that the complaint asserts a cause of action alleging, in effect, breach of trust (fifth cause of action), the plaintiff failed to set forth any rationale or facts supporting its conclusory assertion that the individual defendants "received the funds from the sale of the property in trust for the creditors of" BJG. Accordingly, the plaintiff does not have a cause of action alleging breach of trust (see generally Agai v Liberty Mut. Agency Corp., 118 AD3d at 832).
BARROS, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court