Rosenfeld v Brody (2025 NY Slip Op 03091)

Rosenfeld v Brody

2025 NY Slip Op 03091

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2022-10198
 (Index No. 8/22)

[*1]Yaakov Rosenfeld, appellant, 
v
Samuel Brody, et al., respondents.

Law Office of Samuel Katz, PLLC, Brooklyn, NY, for appellant.
Berg & David, PLLC, Inwood, NY (Isaac Cwibeker and Abraham David of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to set aside an alleged fraudulent conveyance, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Maria Vazquez-Doles, J.), dated November 9, 2022. The judgment, upon the granting of the defendants' motion, among other things, pursuant to CPLR 3211(a) to dismiss the complaint and to cancel a notice of pendency filed against the subject property, is in favor of the defendants and against the plaintiff dismissing the complaint and directed the cancellation of the notice of pendency filed against the subject property.
ORDERED that the judgment is affirmed, with costs.
The plaintiff and the defendant Samuel Brody had a dispute concerning residential real property located at 2139 60th Street in Brooklyn (hereinafter the Brooklyn property). In February 2020, they agreed to submit this dispute to binding arbitration before the Rabbinical Court of Givas Hamorah (hereinafter the arbitrators). Pursuant to the arbitration agreement, the plaintiff and Brody consented to entry of a judgment on the arbitration award and agreed that such award would be enforceable in "the courts of the State of New York." In an arbitration award dated February 23, 2020, the arbitrators, inter alia, directed Brody to release a mortgage on the Brooklyn property and to pay the plaintiff the sum of $57,888.
In September 2020, the defendant 1418 Orange Turnpike, LLC (hereinafter the LLC), a limited liability company, purchased certain real property located in Orange County (hereinafter the Orange County property). It is undisputed that Brody is the sole managing member of the LLC.
In November 2020, the plaintiff commenced a proceeding against Brody, among other things, pursuant to CPLR article 75 to confirm the arbitration award. Brody did not appear or respond, and the Supreme Court granted the petition on default. By judgment dated August 24, 2021, the court, inter alia, confirmed the arbitration award and directed Brody to immediately satisfy and release the mortgage on the Brooklyn property and to pay the plaintiff the sum of $57,888, plus interest and costs. Brody did not seek to vacate or appeal the judgment confirming the arbitration award.
In December 2021, the plaintiff commenced this action against Brody and the LLC, [*2]among other things, to set aside an alleged fraudulent conveyance pursuant to Debtor and Creditor Law §§ 273(a) and 274 and to attach the judgment dated August 24, 2021, to the Orange County property. The defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint and to cancel a notice of pendency filed against the Orange County property. The Supreme Court granted the defendants' motion and, in a judgment dated November 9, 2022, dismissed the complaint and directed the cancellation of the notice of pendency. The plaintiff appeals.
"A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law" (Mohawk Constr. & Supply Co., Inc. v Walsh/Consigli JV, 222 AD3d 965, 966-967 [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). In order for the evidence to qualify as documentary evidence, it must be unambiguous, authentic, and undeniable (see Granada Condominium III Assn. v Palomino, 78 AD3d 996, 997), such as judicial records and documents reflecting out-of-court transactions, such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable (see Porat v Rybina, 177 AD3d 632, 633; Phillips v Taco Bell Corp., 152 AD3d 806, 807).
Here, to the extent that the defendants rely on documentary evidence, such as the arbitration award, in support of their argument that such award was not final, their argument is wholly without merit. Further, to the extent the defendants rely upon an affidavit and a certain email, neither constitute documentary evidence within the intendment of CPLR 3211(a)(1) (see Porat v Rybina, 177 AD3d at 633; Phillips v Taco Bell Corp., 152 AD3d at 807). Accordingly, the defendants were not entitled to dismissal of the complaint pursuant to CPLR 3211(a)(1).
However, the Supreme Court properly granted dismissal of the complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action. On such a motion, the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Old Republic Natl. Title Ins. Co. v 1152 53 Mgt., LLC, 227 AD3d 824, 826 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Alleyne v Rutland Dev. Group, Inc., 213 AD3d 887, 888; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
In 2019, New York enacted the Uniform Voidable Transactions Act, which repealed and replaced certain provisions of the Debtor and Creditor Law relating to fraudulent conveyances and which became effective April 4, 2020 (see Uniform Voidable Transactions Act [L 2019, ch 580, § 2] [eff Apr. 4, 2020]; L & M 353 Franklyn Ave. LLC v Steinman, 202 AD3d 440, 440; see also McCormack Family Charitable Found. v Fidelity Brokerage Servs., LLC, 195 AD3d 420, 421 n). Transfers made after April 4, 2020, like the one at issue here, are governed by the current version of the statute (see United States v Weathers, 2024 WL 3431054, *3, n 4, 2024 US Dist LEXIS 125272, *6, n 4 [WD NY, July 16, 2024, No. 22-CV-243S]).
Here, the first cause of action alleged fraudulent conveyance under Debtor and Creditor Law § 273-a, which, as the defendants correctly contend and the plaintiff concedes, was repealed effective April 4, 2020 (see id.). Further, contrary to the plaintiff's contention, the complaint did not sufficiently set forth a cause of action pursuant to Debtor and Creditor Law §§ 273(a) or 274.
Debtor and Creditor Law § 273(a) provides, in part, that a transfer made by a debtor is "voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made . . . if the debtor made the transfer . . . (1) with actual intent to hinder, delay or defraud any creditor [*3]of the debtor; or (2) without receiving a reasonably equivalent value in exchange for the transfer . . . and the debtor . . . (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due" (emphasis added). Debtor and Creditor Law § 274(a) provides, in part, that "a transfer made . . . by a debtor is voidable as to a creditor whose claim arose before the transfer was made . . . if the debtor made the transfer . . . without receiving a reasonably equivalent value in exchange for the transfer . . . and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer" (emphasis added).
Here, among other things, the complaint failed to allege that the defendants made the subject conveyance with an intent to hinder, delay, or defraud the plaintiff, or without receiving a reasonably equivalent value in exchange for the conveyance (see id. §§ 273[a]; 274).
In light of the foregoing, the plaintiff also failed to state a cause of action to recover attorneys' fees under Debtor and Creditor Law § 276-a (see Costea v Vemen Mgt. Corp., 213 AD3d 634, 639), which does not set forth an independent cause of action (see Debtor and Creditor Law § 276-a).
Further, contrary to the plaintiff's contention, the complaint failed to state a cause of action alleging unjust enrichment, which requires allegations "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered" (Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [internal quotation marks omitted]; see Nasca v Greene, 216 AD3d 648, 650). Here, the plaintiff has not pleaded facts sufficient to demonstrate that the defendants were unjustly enriched at his expense (see generally Georgia Malone & Co., Inc. v Rieder, 19 NY3d at 516; First Am. Tit. Ins. Co. v Holohan, 189 AD3d 1180, 1183).
The complaint also alleged that Brody is liable under a theory of piercing the corporate veil with respect to each of the causes of action. Insofar as the complaint fails to adequately set forth the underlying causes of action, the causes of action seeking to pierce the corporate veil must be dismissed since a third party's "attempt . . . to pierce the corporate veil does not constitute a cause of action independent of that against the corporation; rather it is an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owner[ ]" (Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141; see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47; Murphy v Jewell, 228 AD3d 676).
The plaintiff's remaining contention is without merit.
DUFFY, J.P., MILLER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court