Curran v Village of Amityville (2025 NY Slip Op 04760)

Curran v Village of Amityville

2025 NY Slip Op 04760

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-11556
 (Index No. 617234/21)

[*1]Ryan Curran, etc., respondent, 
v
Village of Amityville, appellant, et al., defendant.

Volz & Vigliotta PLLC, Nesconset, NY (Joshua S. Shteierman of counsel), for appellant.
Russell Law PLLC, West Islip, NY (Frank S. Russell and Justin N. Lite of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Village of Amityville appeals from an order of the Supreme Court, Suffolk County (James F. Quinn, J.), dated August 21, 2023. The order denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
Thomas Curran (hereinafter Curran) allegedly was injured when he tripped and fell while walking on a sidewalk located in the defendant Village of Amityville. Thereafter, Curran commenced this personal injury action against the Village, and another defendant, alleging that his fall was caused by a defective condition on the sidewalk. The complaint further alleged that the Village had failed to remedy the condition despite having written notice of it or that the Village had caused the defective condition. Curran subsequently died, and Ryan Curran, who was appointed as the administrator of Curran's estate, was substituted, in that capacity, as the plaintiff.
Meanwhile, the Village had filed a pre-answer motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against it. In an order dated August 21, 2023, the Supreme Court denied the Village's motion. The Village appeals.
"On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Phillips v Taco Bell Corp., 152 AD3d 806, 807; see Leon v Martinez, 84 NY2d 83, 87). "[S]ince the burden does not shift to the nonmoving party on a motion made pursuant to CPLR 3211(a)(7), a plaintiff has no obligation to show evidentiary facts to support [his or her] allegations" (Doe v Ascend Charter Schools, 181 AD3d 648, 650 [internal quotation marks omitted]). Further, while a court is permitted to consider evidentiary material submitted by a defendant in support of such a motion, "affidavits submitted by a defendant will almost never warrant dismissal under CPLR 3211 unless they establish conclusively that [the plaintiff] has no cause of action" (id. [internal quotation marks omitted]; see Lawrence v Graubard Miller, 11 NY3d 588, 595).
Here, contrary to the Village's contention, the complaint states a cause of action against it, and the affidavits the Village submitted from the Village Clerk and the Superintendent of the Department of Public Works did not conclusively establish that the plaintiff had no cause of action against it (see Yu Chen v Kupoint [USA] Corp., 160 AD3d 787, 789).
A motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence "may be granted only where the documentary evidence utterly refutes the plaintiff's allegations, thereby conclusively establishing a defense as a matter of law" (Kurtaj v Borax Paper Prods., Inc., 231 AD3d 939, 940 [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co., 98 NY2d 314, 326). "If the evidence submitted in support of the motion is not 'documentary,' the motion must be denied" (Phillips v Taco Bell Corp., 152 AD3d at 806, quoting CPLR 3211[a][1]; see Kurtaj v Borax Paper Prods., Inc., 231 AD3d at 940). "'An affidavit is not documentary evidence because its contents can be controverted by other evidence, such as another affidavit'" (Varricchio v Big Bros. Big Sisters of Am., Inc., 220 AD3d 905, 906, quoting Phillips v Taco Bell Corp., 152 AD3d at 807).
Here, since the affidavits that the Village submitted in support of its motion did not constitute documentary evidence within the intendment of CPLR 3211(a)(1), the Supreme Court properly determined that the Village was not entitled to dismissal of the complaint insofar as asserted against it pursuant to that statutory provision (see Varricchio v Big Bros. Big Sisters of Am., Inc., 220 AD3d at 906; Davis v Henry, 212 AD3d 597, 598).
The parties' remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., BRATHWAITE NELSON, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court